IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ANDREW HORNE and JULIA PARK, h/w<br>4 Merion Avenue<br>West Conshohocken, PA 19428<br>and<br>CHARLES TARLOSKI and ANGELA DEFEO, h/w<br>125 South Cedar Hollow Road<br>Paoli, PA 19301<br><br>                              Plaintiffs<br><br>    v.<br><br>BIG STATE INDUSTRIAL SUPPLY<br>1865 Iowa Avenue<br>Riverside, CA 92507<br><br>                              Defendant | CIVIL ACTION No.:<br>2:15-cv-01343-TON |

## AMENDED CIVIL ACTION COMPLAINT

### THE PARTIES

1. Plaintiffs Andrew Horne and Julia Park are adult individuals who reside at 4 Merion Avenue, West Conshohocken, Pennsylvania. Plaintiffs are citizens of the Commonwealth of Pennsylvania.

2. Plaintiffs Charles Tarloski and Angela DeFeo are adult individuals who reside at 125 South Cedar Hollow Road, Paoli, Pennsylvania. Plaintiffs are citizens of the Commonwealth of Pennsylvania.

3. Defendant Big State Industrial Supply is a California corporation with its principal place business in California, at 1865 Iowa Avenue, Riverside, California. Defendant is in the business

15117559v.1

of designing, manufacturing, fabricating, assembling, selling, supplying and otherwise placing into the stream of commerce consumer products, including telescoping ladders.

4. Defendant regularly does business in the Commonwealth of Pennsylvania by availing itself to consumers through its online website and through independent marketing companies.

5. At all times material hereto, Defendant acted through its authorized employees, servants, agents and/or apparent agents.

## THE NATURE OF THE CASE

6. This is a personal injury case arising out of a September 22, 2014 accident which occurred in Montgomery County, Pennsylvania.

7. On or about September 22, 2014, Plaintiffs Andrew Horne and Charles Tarloski suffered serious bodily injuries when Plaintiff Andrew Horne was caused to fall from a ladder onto Plaintiff Charles Tarloski due to the unsafe, dangerous, defective design and/or manufacture of a telescoping ladder designed, manufactured and placed into the stream of commerce by Defendant Big State Industrial Supply.

## JURISDICTION AND VENUE

8. Jurisdiction is based upon the diversity of the citizenship of the parties. Plaintiffs are citizens of the Commonwealth of Pennsylvania. Defendant is a citizen of the state of California.

9. The amount in controversy in this case exceeds the sum of $75,000.00 exclusive of interest and costs.

10. Venue lies with this Honorable Court by virtue of the fact that the accident giving rise to this action took place in the State of Pennsylvania, and within the geographic boundaries of the Eastern District.

15117559v.1

## FACTS

11. On or about September 22, 2014, Plaintiff Andrew Horne was using a telescoping ladder in a lawful and careful manner while going about his job duties at Conshohocken Brewing Company in Conshohocken, Pennsylvania, when the ladder snapped into two pieces, causing him to fall and sustain serious injuries.

12. On or about September 22, 2014, Plaintiff Charles Tarloski was going about his job duties at Conshohocken Brewing Company in Conshohocken, Pennsylvania, when Plaintiff Andrew Horne fell off of the defective ladder onto him, causing serious injuries.

## COUNT I – STRICT LIABILITY

13. Paragraphs 1-12 above are incorporated by reference as though fully set forth.

14. The ladder referred to above was designed, manufactured, sold, supplied, distributed and/or placed into the stream of commerce by the Defendant in a defective condition, which renders Defendant strictly liable under Section 402(a) of the Restatement of Torts in that the product:

   a) was in a defective condition, unreasonably dangerous to the user;

   b) failed to perform in a safe manner;

   c) failed to meet an ordinary consumer's expectation of safety;

   d) lacked components both in design and manufacture necessary to make the product safe for its intended and/or foreseeable use;

   e) contained components which made the product unsafe for its intended and/or foreseeable use; and

   f) contained design and/or manufacturing features which increased the likelihood of breaking, which, in turn, increased the likelihood of injuries such as those suffered by Plaintiffs herein.

## COUNT II – PLAINTIFF ANDREW HORNE V. DEFENDANT

15117559v.1

15. Paragraphs 1-14 above are incorporated by reference as though fully set forth.

16. Plaintiff Andrew Horne suffered serious and disabling personal injuries due to the design and/or manufacturing defects which existed at the time Defendant placed the ladder into the stream of commerce and at the time the ladder was purchased.

17. Due to the negligence of Defendant, Plaintiff Andrew Horne suffered femoral condyle and lateral tibial plateau fractures, bruised ribs, ankle sprains and acute knee pain, all or some of which may be permanent, the full extent of which are not yet known.

18. The accident caused and will in the future cause Plaintiff Andrew Horne to suffer physical and psychological pain and suffering, a loss of life's pleasures and embarrassment and humiliation.

19. The accident has in the past and will in the future require Plaintiff Andrew Horne to incur expenses for medical, diagnostic, therapeutic and related treatment.

20. The accident and injuries may have resulted in Plaintiff Andrew Horne suffering a loss of income and/or loss of earning capacity.

WHEREFORE, Plaintiff Andrew Horne demands judgment in his favor and against Defendant in an amount in excess of $75,000, exclusive of interest and costs.

## COUNT III – PLAINTIFF CHARLES TARLOSKI V. DEFENDANT

21. Paragraphs 1 through 20 are incorporated by reference as though fully set forth herein.

22. Plaintiff Charles Tarloski suffered serious and disabling personal injuries due to the design and/or manufacturing defects which existed at the time Defendant placed the ladder into the stream of commerce and at the time the ladder was purchased.

23. Due to the negligence of Defendant, Plaintiff Charles Tarloski suffered a fractured right tibia which required surgery and a knee contusion, all or some of which may be permanent, the full extent of which are not yet known.

15117559v.1

24. The accident caused and will in the future cause Plaintiff Charles Tarloski to suffer physical and psychological pain and suffering, a loss of life's pleasures and embarrassment and humiliation.

25. The accident has in the past and will in the future require Plaintiff Charles Tarloski to incur expenses for medical, diagnostic, therapeutic and related treatment.

26. The accident and injuries may have resulted in Plaintiff Charles Tarloski suffering a loss of income and/or loss of earning capacity.

WHEREFORE, Plaintiff Charles Tarloski demands judgment in his favor and against Defendant in an amount in excess of $75,000, exclusive of interest and costs.

### COUNT IV – PLAINTIFF JULIA PARK V. DEFENDANT – PER QUAD

27. Paragraphs 1 through 26 are incorporated by reference as though fully set forth herein.

28. At all times material hereto, Plaintiff Julia Park was married to Plaintiff Andrew Horne.

29. As a result of the injuries suffered by Andrew Horne, Plaintiff Julia Park has been deprived of the companionship, comfort and society of her husband and has therefore suffered a loss of consortium.

WHEREFORE, Plaintiff Julia Park demands judgment in her favor and against Defendant in an amount in excess of $75,000, exclusive of interest and costs.

### COUNT V – PLAINTIFF ANGELA DEFEO V. DEFENDANT – PER QUAD

30. Paragraphs 1 through 29 are incorporated by reference as though fully set forth herein.

31. At all times material hereto, Plaintiff Angela DeFeo was married to Plaintiff Charles Tarloski.

32. As a result of the injuries suffered by Charles Tarloski, Plaintiff Angela DeFeo has been deprived of the companionship, comfort and society of her husband and has therefore suffered a loss of consortium.

WHEREFORE, Plaintiff Angela DeFeo demands judgment in her favor and against Defendant in an amount in excess of $75,000, exclusive of interest and costs.

WHITE AND WILLIAMS LLP

BY: _____
Daniel J. O'Brien
Adrianna M. Yanez
1650 Market Street | One Liberty Place,
Suite 1800 |
Philadelphia, PA 19103-7395
Phone: 215.864.7168
Attorneys for Plaintiffs
Andrew Horne and Julia Park, h/w and
Charles Tarloski and Angela DeFeo, h/w

Dated: March 19, 2015